10-5027-cr
*United States v. Cararo*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, on the 1st day of May, two thousand twelve.

PRESENT:

        RALPH K. WINTER,
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

        -v.-                                                                No. 10-5027-cr

THOMAS CARARO,

        *Defendant-Appellee*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                          LISA A. PEEBLES, Federal Public
                                            Defender (James P. Egan,
                                            Research & Writing Attorney, *on
                                            the brief*), Office of the Federal
                                            Public Defender, Syracuse, NY.

**FOR APPELLEE:**                           RAJIT S. DOSANJH, Assistant
                                            United States Attorney (Thomas
                                            P. Walsh, Assistant United States
                                            Attorney, *of counsel*), *for* Richard S.
                                            Hartunian, United States Attorney
                                            for the Northern District of New
                                            York, Syracuse, NY.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant Thomas Cararo appeals from a judgment of the District Court, entered December 6, 2010, convicting him after a jury trial of a single count of embezzlement of more than $1000, in violation of 18 U.S.C. § 656, and sentencing him principally to a term of imprisonment of 48 months. We assume the parties' familiarity with the facts and procedural history of this case, some of which we briefly reiterate below.

On January 28, 2010, Cararo, a former manager at Citizens Bank, was charged in an indictment with embezzling more than $400,000 in cash from the safe deposit box of an elderly client, Leonard Wilcox. The indictment followed a civil proceeding brought by Wilcox against Citizens Bank and Cararo. On the eve of the civil trial, Citizens Bank agreed to pay Wilcox $154,000 in full satisfaction of the debt. The civil jury later issued a verdict requiring Cararo to pay Wilcox the full value of his claim, in the amount of $410,000.[1]

Cararo's criminal trial commenced on June 7, 2010. At trial, the government argued that although record evidence that Wilcox had deposited the cash was sparse,[2] the fact of the embezzlement was supported by a variety of circumstantial evidence. Cararo's defense theory was that Wilcox was a "fox," who had conspired with his daughter to manufacture a claim in order to profit at Cararo's

---

[1] Judge McAvoy, who presided over Cararo's criminal trial, also presided over the civil suit brought by Wilcox. The outcome of the civil suit is not before us on this appeal.

[2] The government used, *inter alia*, currency transport records to prove the existence of the cash. However, although Wilcox alleged that Cararo had embezzled $410,000, records existed from only one of several currency transporters, who transported only $154,000 of the money. The remaining funds were alleged to have been processed by different record-keepers who did not note the quantities of currency being transported.

expense—in other words, that the money had never existed in the first place. Because of the dearth of record evidence, the trial centered primarily on the credibility of Wilcox and his daughter.

After four days of testimony, the jury deliberated and returned a verdict of guilty. Shortly thereafter, Cararo renewed an earlier motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, and moved for a new trial pursuant to Fed. R. Crim. P. 33. Cararo's motions argued that the jury's verdict was against the weight of the evidence, and that the District Court had erred by excluding the fact that the $154,000 paid by Citizens Bank to Wilcox was in full satisfaction of Wilcox's claims against the bank. The District Court issued two written orders, the second of which denied both motions. *See United States v. Cararo*, No. 3:10-CR-40, Docket Entry 33 (Decision and Order, September 23, 2010); *id.*, Docket Entry 39 (Decision and Order, November 16, 2010).

At sentencing on November 23, 2010, the District Court found by a preponderance of the evidence that Cararo had embezzled $410,000 from Wilcox. After imposing enhancements pursuant to the Federal Sentencing Guidelines for obstruction of justice and for abuse of a position of trust, the Court determined that the appropriate Guidelines range would be 57 to 71 months, representing an offense level of 25 and a Criminal History Category of I. The Court departed downwardly from the recommended Guidelines and sentenced Cararo principally to a term of imprisonment of 48 months. The Court also ordered restitution in the amount of $410,000.

Cararo raises four issues on appeal, alleging that (1) the District Court's opening statement to the jury venire improperly lent credence to the Government's case and presumed the credibility of the alleged victim; (2) the District Court erred by excluding evidence that the $154,000 Wilcox received from the bank was in full satisfaction of his claims against the bank; (3) the District Court's finding that Cararo had embezzled $410,000 violated Cararo's Sixth Amendment right to have every fact necessary to imposition of a sentence found by a jury beyond a reasonable doubt; (4) the District Court's finding that Cararo had embezzled $410,000 was clearly erroneous.

3

Having conducted an independent review of the record, we find no error in the District Court's comprehensive analysis of the defendant's claims in its ruling on the defendant's Rule 29 and Rule 33 motions. Nor do we find any reversible error in the Court's rulings or actions at trial or at sentencing. Accordingly, we AFFIRM the judgment on appeal.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court